JS 44 (Rev. 08/16) - TXND (Rev. 12/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HARDIE'S FRUIT & VEGETABLE CO., LP & FAMILY TREE PRODUCE, INC.,

### DEFENDANTS
MY FIT HOLDINGS, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Travis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Yaquinto, Jr., Sherman & Yaquinto, LLP
509 N. Montclair Avenue, Dallas, Texas 75208-5450
(214) 942-5502

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☒ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Perishable Agricultural Commodities Act, 7 USC 499e(c)

Brief description of cause:
Failure to pay for goods sold and breach of trust arising under PACA, 7 USC 499e(c)

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 293,555.58
- CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 2/17/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature: Robert Yaquinto]*

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HARDIE'S FRUIT & VEGETABLE CO., LP & FAMILY TREE PRODUCE, INC., *et al.* § § § Case No. § Plaintiffs, § § v. § § MY FIT HOLDINGS, LLC, MY FIT FOODS USA, § LLC t/a MY FIT FOODS f/k/a MENDIAS & § MILTON, LLC, FIT DOG, LLC f/k/a MY FIT § FOODS, LLC, MFF DCK, LLC, MY FIT FOODS § CALIFORNIA, LLC, MICHAEL LUBITZ, DAVID GORONKIN, & MARIO MENDIAS Defendants. | |

**COMPLAINT**

Plaintiffs, Hardie's Fruit & Vegetable Co., LP ("Hardie's") and Family Tree Produce, Inc. ("Family Tree") by undersigned counsel, as and for their Complaint against Defendants My Fit Holdings, LLC ("Holdings"); My Fit Foods USA, LLC t/a My Fit Foods f/k/a Mendias & Milton, LLC ("My Fit USA"); Fit Dog, LLC f/k/a My Fit Foods, LLC ("Fit Dog"); MFF DCK, LLC ("MFF"); My Fit Foods California, LLC ("My Fit CA"); Michael Lubitz; David Goronkin; and Mario Mendias (collectively, "Defendants"), allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that Hardie's claim arose in this District and Defendants maintain business operations in this district.

**PARTIES**

3.    a.     Plaintiff Hardie's is a Texas limited partnership with its principal place of business in Dallas, Texas, engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

      b.     Plaintiff Family Tree is a California corporation with its principal place of business in Milpitas, California, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.    a.     Defendant Holdings is a Delaware limited liability company with its principal place of business in Austin, Texas and is the Managing Member and owner of Defendants My Fit USA and MFF DCK, as well as several additional entities, as set forth in the Company Structure Chart, attached hereto as **Exhibit A**.[1]

      b.     Defendant My Fit USA is a Texas limited liability company with its principal place of business in Austin, Texas and was formerly known as Mendias & Milton, LLC. My Fit USA is the Managing Member of Defendant Fit Dog and the parent company of several additional entities. *Id.*

      c.     Defendant Fit Dog is a Texas limited liability company with its principal place of business in Austin, Texas and is the survivor entity to My Fit Foods, LLC. Defendant Fit Dog is also the parent company of Defendant My Fit CA and several additional entities. *Id.*

      d.     Defendant My Fit CA is a Texas limited liability company with its

---

[1] The Company Structure Chart was created based on information available on the Texas Secretary of State's SOSDirect system, and is presented on information and belief.

principal place of business in Costa Mesa, CA.

        e.      Defendant MFF is a Texas limited liability company with its place of business in Austin, Texas and is and was in possession of and in a position of control over PACA trust assets belonging to Plaintiffs.

        f.      On information and belief, Defendant Michael Lubitz is the Chief Financial Officer of My Fit USA and a manager or member of My Fit CA who controlled the operations of these companies and their related and subsidiary companies and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

        g.      On information and belief, Defendant David Goronkin is and was the Chief Executive Officer of My Fit USA and My Fit CA who controlled the operations of these companies and their related and subsidiary companies and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

        c.      On information and belief, Defendant Mario Mendias is and was the President of Mendias & Milton, LLC n/k/a My Fit USA who controlled the operations of My Fit USA and related and subsidiary companies and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

**GENERAL ALLEGATIONS**

5.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

6.    Defendants Holdings, My Fit USA, Fit Dog, MFF, and My Fit CA (the "My Fit Companies") are purchasers of wholesale quantities of produce subject to the trust provisions of PACA by virtue of produce sales made to them by Plaintiffs.

7. Plaintiffs delivered produce weighing in excess of 2,000 pounds to the My Fit Companies on multiple days, including on February 14, 2015.

8. Plaintiffs sold and delivered to the My Fit Companies various goods worth the aggregate amount of $293,555.58, of which $289,889.09 constitutes wholesale quantities of produce moved in interstate commerce or contemplation thereof, all of which is unpaid:

| Plaintiff | Dates of Sale | Total Balance Due | Produce Balance Due |
|---|---|---|---|
| Hardie's | November 3, 2016 – February 9, 2017 | $232,808.77 | $229,869.00 |
| Family Tree | December 19, 2016 – February 9, 2017 | $60,746.81 | $60,020.59 |
| **Total** | | **$293,555.58** | **$289,889.09** |

9. Plaintiffs preserved their interests in the PACA trust by delivering to the My Fit Companies invoices with the trust language required under 7 U.S.C. § 499e(c)(4) and remain beneficiaries until full payment is made for the produce.

10. The My Fit Companies accepted the produce and other goods, but despite repeated demands, have failed to pay for the goods and produce when payment was due.

11. At the time of receipt of the produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

12. Defendants have not disputed the debt in any way.

13. Defendant MFF paid Plaintiffs for previous produce sales.

14. Defendants have failed to pay the total amount due of $293,555.58, of which $289,889.09 is owed for produce items, despite repeated demands.

15. Defendants abruptly and without warning closed the doors to all of their locations and have ceased operations.

16. Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets as demonstrated by Defendants' failure to pay the trust funds owed and closing of their store locations.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Trust Funds)

17. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. The failure of Defendants to make payment to Plaintiffs of trust funds in the amount of $289,889.09from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

19. Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against all Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

20. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. The My Fit Companies received each of the shipments on which this action is based.

22. The My Fit Companies are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

23. The My Fit Companies failed and refused to pay for the produce supplied by Plaintiffs within the payment terms indicated on the face of Plaintiffs' invoices to The My Fit Companies.

24. As a direct and proximate result of the My Fit Companies' failure to pay promptly, Plaintiffs have incurred damages in the amount of $289,889.09, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST MY FIT COMPANIES
(Failure to Pay for Goods Sold and Delivered)

25. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. The My Fit Companies failed and refused to pay Plaintiffs the amount of $293,555.58 owed to Plaintiff for goods received by the My Fit Companies from Plaintiffs.

27. As a direct and proximate result of the My Fit Companies' failure to pay promptly, Plaintiffs have incurred damages in the amount of $293,555.58, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE MY FIT COMPANIES
(Breach of Contract)

28. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29. The My Fit Companies received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

30. Plaintiffs' invoices to the My Fit Companies constitute valid and enforceable agreements between the parties.

31. The My Fit Companies breached the agreements between the parties by failing to timely remit payment for the goods they received from Plaintiffs.

32. Plaintiffs have performed all of the duties, obligations and conditions precedent on their parts to be performed under the invoices.

33. As a direct and proximate of the My Fit Companies' breach of contract, Plaintiffs have suffered damages in the amount of $293,555.58, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST LUBITZ
(Unlawful Dissipation of Trust Assets by a Corporate Official)

34. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35. On information and belief, Defendant Michael Lubitz is officer and/or member of the My Fit Companies who operated these businesses during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

36. Defendant Michael Lubitz failed to direct the My Fit Companies to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

37. Defendant Michael Lubitz's failure to direct the My Fit Companies to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

38. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST GORONKIN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

39. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. On information and belief, Defendant David Goronkin was an officer and/or member of the My Fit Companies who operated those businesses during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

41. Defendant David Goronkin failed to direct the My Fit Companies to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

42. Defendant David Goronkin's failure to direct the My Fit Companies to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

43. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST MENDIAS
(Unlawful Dissipation of Trust Assets by a Corporate Official)

44. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 43 above as if fully set forth herein.

45. On information and belief, Defendant Mario Mendias is and was the officer and/or member of the My Fit Companies who operated these businesses during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

46. Defendant Mario Mendias failed to direct the My Fit Companies to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

47. Defendant Mario Mendias' failure to direct the My Fit Companies to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

48. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST HOLDINGS
(Unlawful Dissipation of Trust Assets by a Controlling Entity)

49. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 48 above as if fully set forth herein.

50. Defendant Holdings is the Managing Member of MFF and My Fit USA. My Fit USA is the Managing Member of Fit Dog, which is the Managing Member of My Fit CA. *See* Corporate Structure Chart, **Exhibit A**. By virtue of this position, Defendant Holdings is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

51. Defendant Holdings failed to direct MFF, My Fit USA, Fit Dog, and My Fit CA to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

52. Defendant Holdings' failure to direct the MFF, My Fit USA, Fit Dog, and My Fit CA to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a controlling entity.

53. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST** MY FIT USA
(Unlawful Dissipation of Trust Assets by a Controlling Entity)

54. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 53 above as if fully set forth herein.

55. Defendant My Fit USA is the Managing Member of Fit Dog, which is the Managing Member of My Fit CA. *See* Corporate Structure Chart, **Exhibit A**. By virtue of this position, Defendant My Fit USA is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

56. Defendant My Fit USA failed to direct Fit Dog and My Fit CA to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

57. Defendant My Fit USA's failure to direct Fit Dog and My Fit CA to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a controlling entity.

58. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

**AS AND FOR A TENTH CAUSE OF ACTION AGAINST** FIT DOG
(Unlawful Dissipation of Trust Assets by a Controlling Entity)

59. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 58 above as if fully set forth herein.

60. Defendant Fit Dog is the Managing Member of My Fit CA. *See* Corporate Structure Chart, **Exhibit A**. By virtue of this position, Defendant Fit Dog is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

61. Defendant Fit Dog failed to direct My Fit CA to fulfill its statutory duty to

preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

62. Defendant Fit Dog's failure to direct My Fit CA to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a controlling entity.

63. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

### **AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees)

64. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 63 above as if fully set forth herein.

65. PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest, attorneys' fees, and costs incurred to collect any balance due from Defendants.

66. As a result of Defendants' continued failure to pay the balance due for produce and goods sold to Defendants, Plaintiffs have lost the use of said money and have been required to pay attorneys' fees and costs to enforce their rights and bring this action.

67. As a result of Defendants' continued failure to make full payment promptly in the amount of $289,889.09, Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiffs request the following relief:

1. On the first cause of action, an order enforcing payment from the PACA trust by requiring immediate payment by Defendants of the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs to Plaintiffs;

2. On the second cause of action, Judgment against the Defendants, jointly and severally, in the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA;

3. On the third cause of action, Judgment against the My Fit Companies in the amount of $293,555.58, plus pre-judgment interest, costs, and attorneys' fees.

4. On the fourth cause of action, Judgment against the My Fit Companies in the amount of $293,555.58, plus pre-judgment interest, costs, and attorneys' fees.

5. On the fifth cause of action, Judgment against Defendant Michael Lubitz in the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA.

6. On the sixth cause of action, Judgment against Defendant David Goronkin in the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA.

7. On the seventh cause of action, Judgment against Defendant Mario Mendias in the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA.

8. On the eighth cause of action, Judgment against Defendant Holdings in the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA.

9. On the ninth cause of action, Judgment against Defendant My Fit USA in the amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA.

10. On the tenth cause of action, Judgment against Defendant Fit Dog in the

amount of $289,889.09, plus pre-judgment interest, attorneys' fees, and costs, under the trust provisions of the PACA.

11. On the eleventh cause of action, Judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

12. The costs of this action, and such other and further relief as the Court deems just and proper.

Dated: February 17, 2017    Respectfully submitted,

**SHERMAN & YAQUINTO, L.L.P.**

By: /s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr.
Texas Bar Number 22115750
509 N. Montclair Avenue
Dallas, Texas 75208-5450
Telephone: (214) 942-5502
rob@syllp.com

Attorneys for Plaintiffs

# Exhibit A

# MY FIT FOODS COMPANY STRUCTURE[1]



---

[1] The Company Structure Chart was created based on information available on the Texas Secretary of State's SOSDirect system and the State of California's California Business Search, and is presented on information and belief.